OPINION
{¶ 1} Defendant-Appellant, Larry D. Barton, appeals a judgment of the Putnam County Court of Common Pleas, sentencing him upon his conviction for breaking and entering. On appeal, Barton asserts that the trial court erred when it failed to state any reasons why it was necessary to impose his felony breaking and entering sentence, which was imposed in this case, consecutively to a felony failure to pay child support sentence arising out of Paulding County. Based upon the Ohio Supreme Court's decision in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, we vacate Barton's sentence and remand the matter for further proceedings consistent with Foster.
 {¶ 2} In February of 2005, the Putnam County Grand Jury indicted Barton for two counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree, one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and two counts of theft in violation of R.C. 2913.02(A)(1), felonies of the fifth degree.
 {¶ 3} In May of 2005, Barton entered into a negotiated plea whereby he would plead guilty to one count of breaking and entering in exchange for the State dismissing the remaining four counts in the indictment and recommending that his sentence be imposed concurrently with a sentence imposed in Paulding County for felony nonsupport. After entering his plea, the trial court ordered a presentence investigation and continued the matter for sentencing.
 {¶ 4} In June of 2005, the trial court held a sentencing hearing. At the sentencing hearing, the trial court noted, on the record, that it was aware through the presentence investigation report that Barton had approximately twenty-four past convictions and that Barton was involved in perhaps fifty to sixty thefts in the past few years. Additionally, the trial court found, on the record, that Barton's offense was part of organized criminal activity, that he previously served a prison term, and that Barton was not amenable to available community control sanctions. The trial court also found, on the record, that his numerous prior adjudications and history of criminal convictions were recidivism factors.
 {¶ 5} Then, the trial court found, on the record, that a minimum prison term demeaned the seriousness of the offense and did not adequately protect the public, and that Barton posed the greatest likelihood of committing future crimes, using the presentence investigation report to support these findings. Accordingly, the trial court found that a maximum sentence was necessary.
 {¶ 6} Next, the trial court stated, on the record, in ordering consecutive sentences:
Further, the court is making a finding that a consecutivesentence is necessary to protect the public and punish theoffender and that the consecutive sentence is notdisproportionate to the conduct and of danger imposed and thatthe offender's criminal history shows that consecutive terms areneeded to protect the public. The court is ordering consecutivesentence in this case, notwithstanding the recommendation of theState of Ohio for a concurrent sentence.
 As a result of those findings, the court is imposing a periodof 12 months at the Ohio Department of Correction andRehabilitation, said sentence is to run consecutively to thePaulding County case of 17 months currently being served.
(Sentencing Tr. p. 11). Then, the trial court granted Barton credit for time previously served and informed him that there would be a period of post release control. Finally, the trial court ordered Barton to pay restitution upon his release in the amount of nine thousand and one dollars and six cents.
 {¶ 7} It is from this judgment Barton appeals, presenting the following assignment of error for our review:
THE TRIAL COURT COMMITTED AN ERROR OF LAW BY IMPOSING ACONSECUTIVE SENTENCE.
 {¶ 8} In his assignment of error, Barton argues that the trial court erred because it failed to state any reasons why it is was imposing its sentence to be served consecutively to the sentence from Paulding County.
 {¶ 9} The Ohio Supreme Court recently addressed constitutional issues concerning felony sentencing in Foster,supra. In Foster, the Court held that portions of Ohio's sentencing framework are unconstitutional and void, including R.C. 2929.14(E). Foster, supra, at ¶¶ 97, 103.
 {¶ 10} Pursuant to Foster, Barton's assignment of error is sustained.
 {¶ 11} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we vacate Barton's sentence and remand the matter for further proceedings consistent withFoster.
 Judgment Reversed and Cause Remanded.
 Bryant, P.J. and Cupp, J., concur.